IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00226-KDB-SCR

| | |
|---|---|
| ANWAR A. AALAAM, | |
| Plaintiff, | |
| v. | **ORDER** |
| LAWRENCE DALE GRAHAM, | |
| Defendant. | |

**THIS MATTER** is before the Court on its own motion, pursuant to its inherent authority to ensure a case is not frivolous. Having reviewed Plaintiff's Complaint – which asserts numerous state and federal law claims against the North Carolina state court judge who presided over his divorce proceedings – the Court finds that Plaintiff's claims are indeed frivolous. By well-established authority Defendant Judge Lawrence Graham has absolute judicial immunity from Plaintiff's claims. Accordingly, Plaintiff's claims will be **DISMISSED**.

## I. LEGAL STANDARD

Although Plaintiff is not proceeding *in forma pauperis*, every filing in this Court is subject to review pursuant to the inherent authority of this Court to confirm that a plaintiff has standing and the case is not frivolous. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint"); *Smith v.*

1

*Kagan*, 616 F. App'x 90 (4th Cir. 2015) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000). "[I]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *Brown v. Maynard*, No. L–11–619, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011) (citing cases). Therefore, a court has "the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous." *Id.*

Finally, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint in this action – describing himself as a "vessel"[1] and the "registered agent and beneficiary of the legal fiction Anwar A. Aalaam" – against Lawrence Graham, a North Carolina state District Court Judge who presided over Plaintiff's North Carolina

---

[1] Because of the other clear grounds requiring dismissal of this action, the Court will not address Plaintiff's standing to pursue this action as a "vessel" or "legal fiction" rather than as a "person," but notes that under Article III, a federal court may resolve only "a real controversy with real impact on *real persons*." *B.R. v. F.C.S.B.*, 17 F.4th 485, 492–93 (4th Cir. 2021) quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (emphasis added).

2

divorce action, *Sara A. Aalaam v. Anwar A. Aalaam* (Case No. 24 CVD 1757) (Iredell County, NC District Court). (Doc. No. 1). Both Plaintiff and Defendant are residents of North Carolina. *Id*. Plaintiff alleges that Judge Graham "breached [his] duties" under his judicial oath under the North Carolina Rules of Professional Conduct by "labeling Plaintiff as a 'sovereign citizen,' a defamatory label designed to discredit Plaintiff's legal arguments, and by refusing to consider Plaintiff's valid legal filings and evidence." He asserts a multitude of state and federal claims, including "Defamation of Character, Breach of Fiduciary Duty, Abuse of Process, Intentional Infliction of Emotional Distress (IIED), Fraud or Misrepresentation, Civil Conspiracy, Violation of 42 U.S.C. § 1983, Breach of Trust, Trustee Malfeasance, Breach of the Covenant of Good Faith and Fair Dealing, Judicia Misconduct, Violation of Due Process, Violation of Equal Protection Rights, Negligence, Gross Negligence and Obstruction of Justice."

### III. DISCUSSION

"It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Moreover, a judge's entitlement to absolute immunity applies "even when such [judicial] acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly," *Stump v. Sparkman*, 435 U.S. 349, 356 (1978), so long as such actions were not taken in the "clear absence of all jurisdiction over the subject-matter." *Id.* at 356, 98 S.Ct. 1099 n.6 (citation omitted). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Court in *Mireles* recognized two exceptions to the long line of cases recognizing absolute judicial immunity. These include "actions not taken in the judge's judicial capacity" and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12, 112 S.Ct. 286. Neither of these exceptions is

3

pleaded or applicable in this case, which relates to a routine divorce action in North Carolina District Court. Therefore, Defendant Judge Graham has immunity from Plaintiff's claims.

Also, Plaintiff's tort and constitutional challenges to the decisions of the North Carolina Court related to Plaintiff's divorce are barred from review in this Court by the *Rooker–Feldman* doctrine. *Rooker–Feldman* doctrine bars such losing parties "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). Only the United States Supreme Court is empowered to "reverse or modify" a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

This case falls squarely within the narrow contours of that doctrine, namely "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The relief sought here clearly requires this Court to revisit the merits of Judge Graham's rulings. If Plaintiff is of the opinion that Judge Graham erred in his handling of his divorce and claims of parental rights, he should have appealed those decisions within the North Carolina courts. *See Skillings v. Knott*, 251 F. Supp. 3d 998, 1003–04 (E.D. Va. 2017) (dismissing similar action).

4

Case 5:24-cv-00226-KDB-SCR    Document 3    Filed 10/21/24    Page 4 of 5

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's claims in this action are **DISMISSED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 21, 2024

Kenneth D. Bell
United States District Judge